UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| BOBBY LEON JOHNSON, | )<br>) |
| Petitioner, | )<br>) Civil Action No. 6: 16-116-DCR<br>) |
| v. | )<br>) |
| | ) **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, | ) **AND ORDER**<br>) |
| Respondent. | )<br>) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Bobby Leon Johnson is confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Johnson's

-1-

petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In October 2002, Johnson and several of his co-defendants were charged in a second superseding indictment with numerous federal offenses arising out of a string of armed bank robberies orchestrated by Johnson and committed in North and South Carolina in 2000 and 2001. Johnson was charged in the indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2, armed bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2, using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2, conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), and interfering with commerce by threat or violence in violation of 18 U.S.C. §§ 1951 and 2.

-2-

One month later, Johnson agreed to plead guilty to nine of the eleven offenses in exchange for the dismissal of the remaining two counts, one of which carried a mandatory minimum consecutive 35-year prison term. As part of his oral plea agreement, Johnson expressly waived his right his challenge his convictions or sentences, whether by direct appeal or through a collateral attack in a post-conviction proceeding, except upon grounds of ineffective assistance of counsel or prosecutorial misconduct.

In November 2003, the trial court sentenced Johnson to a cumulative 300-month term of imprisonment, which included a combined 180-month term on eight of the nine counts to be followed by a consecutive 120-month term on the § 924(c) conviction. *United States v. Johnson*, No. 3: 01-CR-210-MR-1 (W.D.N.C. 2003) [Record No. 97, 116, 160, 186 therein] The Fourth Circuit affirmed on direct appeal. *United States v. Johnson*, 149 F. App'x 224 (4th Cir. 2005). Johnson sought relief from his convictions pursuant to 28 U.S.C. § 2255, but his motion was denied in 2010, and the Fourth Circuit denied his request for a certificate of appealability. *Johnson v. United States*, No. 3: 07-CV-46-MR (W.D.N.C. 2007) [Record No.

4, 4-3, 15, 20 therein]; *Johnson v. United States*, No. 3: 07-CV-46-MR, 2010 WL 1252674 (W.D.N.C. 2007).

In May 2016, the Fourth Circuit granted Johnson's request to file a second or successive § 2255 motion seeking relief from his § 924(c) conviction predicated upon *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) shortly after the Supreme Court decided that *Johnson* was retroactively applicable to cases on collateral review in *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016). *In re: Johnson*, No. 16-844 (4th Cir. May 31, 2016). On the same day, represented by counsel, Johnson filed his motion for relief under § 2255 in the trial court asserting the doubtful proposition that his conviction for using or carrying a firearm during the commission of a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A) cannot stand because, he contends, after *Johnson* robbery under the Hobbs Act, 18 U.S.C. § 2113, is not a "crime of violence" within the meaning of the comparably-worded residual clause found in 18 U.S.C. § 924(c)(3)(A). Johnson's motion remains pending as of this date. *Johnson v. United States*, No. 3: 16-CV-275-MR (W.D.N.C. 2016).

-4-

The substance of Johnson's present § 2241 petition mirrors the legal arguments made by his counsel in support of his motion under § 2255: that after *Johnson*, robbery under the Hobbs Act does not necessarily entail the actual, attempted or threatened use of force, or a substantial risk that it will occur during the commission of the robbery, and hence is not a predicate crime of violence under either prong of 18 U.S.C. § 924(c)(3). [Record No. 1 at 14-16]

Johnson's petition must be denied for several reasons. First, Johnson is barred from collaterally attacking his conviction or sentence pursuant to the waiver in his plea agreement. During his plea hearing, Johnson expressly agreed not to contest his sentence in any post-conviction proceeding including, but not limited to, a proceeding under 28 U.S.C. § 2255, except upon two grounds not relevant here. *Johnson v. United States*, No. 3: 07-CV-46-MR (W.D.N.C. 2007) [Record No. 4, 15 therein]. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of his *Johnson* claims, whether by motion under § 2255 or in this habeas proceeding under § 2241. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013)

-5-

(collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL
7273817, at *1 (3d Cir. Nov. 18, 2015); *Combs v. Hickey*, No.
11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v.
United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D.
Ill. June 24, 2013) (holding that *Begay* claim asserted in §
2241 petition barred by plea agreement's waiver of right to
collaterally attack conviction); *Gonzalez v. Warden of MCC
New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14,
2013).

Nor is the remedy available under § 2255 "inadequate or
ineffective" where, as here, the petitioner waived his right
to seek relief under that provision as part of a plea
agreement. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir.
Feb. 24, 2016) (holding that a collateral attack waiver "would
apply equally in a proceeding under § 2241, had not § 2255(e)
taken precedence, for § 2241 is a form of collateral
attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir.
2013) ("Muller's plea agreement included a waiver of
collateral-attack rights 'in any post-conviction proceeding,
including-but not limited to-any proceeding under 28 U.S.C.
§ 2255.'  Therefore, his plea agreement forecloses relief

-6-

pursuant to § 2241 . . .")); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Next, 28 U.S.C. § 2255 provides an available mechanism for Johnson to assert his *Johnson* claim. Though Johnson has previously filed a § 2255 motion, prisoners can file "successive" motions based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *Johnson* announced a new, previously unavailable rule of constitutional law, *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015), and the Supreme Court has held that *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265 ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). Because Johnson may seek relief

pursuant to *Johnson* under § 2255, that remedy is not "inadequate or ineffective" to test the legality of his detention, and his § 2241 petition must be denied. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

Finally, as noted above, Johnson has been granted permission to seek relief under § 2255 by the Fourth Circuit, and Johnson's motion for relief under *Johnson* currently pending before the trial court. *Johnson v. United States*, No. 3: 16-CV-275-MR (W.D.N.C. 2016). Courts have repeatedly held that where a defendant has a currently-pending motion seeking relief under 28 U.S.C. § 2255, any § 2241 petition seeking relief from the same conviction is premature until the § 2255 proceedings have concluded. *Bartok v. Warden Loretto FCI*, 609 F. App'x 707 (3d Cir 2015); *Denton v. U.S. Atty. General*, No. 6: 12-CV-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. Nov. 7, 2012) (citing *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996)); *Heard v. Withers*, No. 13-107-KKC, 2013 WL 3984514, at *2 (E.D. Ky. Aug. 2, 2013). Accordingly, it is hereby

**ORDERED** as follows:

1.    Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.    This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.    A corresponding Judgment will be entered this date.

This 22nd day of August, 2016.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**